STATE v. STINES.

(Filed May 23, 1905.)

*Rape—Evidence—Outcry.*

In an indictment for rape it is competent for the prosecutrix to testify that immediately after the alleged assault, she stated to her husband and two other persons what had occurred.

INDICTMENT against Charlie Stines for rape, heard by *Judge Fred Moore* and a jury, at the February Term, 1905, of the Superior Court of MADISON County. From a verdict of guilty and judgment thereon, the prisoner appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the prisoner.

BROWN, J. The prosecutrix, Sarah Collins, lived about one and three-quarters of a mile from Hot Springs. On Sunday, December 18, she was at home alone. She testified that the prisoner came to her house, entered, after pushing the door open. He had a knife in his hand, and the prosecutrix seized an axe, which the prisoner took from her. He then threw the prosecutrix on the floor and had carnal knowledge of her by force. She resisted and made outcry, and in the struggle scratched the prisoner's face, causing it to bleed. When an opportunity presented she fled from the house and

STATE *v.* STINES.

was followed by the prisoner, who again overpowered her and accomplished his purpose a second time. When her husband returned she informed him that "she had been mistreated," and to two persons who came to the door and whom she did not know, she made a similar statement. Other testimony was introduced by the State as well as by the prisoner, which it is needless to set out.

The only exceptions presented by the record are to the ruling of the court in permitting Sarah Collins to testify that immediately after the alleged assault she stated to her husband and two others what had occurred. There is no merit in either exception. It was not only competent to offer such evidence, but incumbent on the State, if it could do so, to show that prosecutrix made "outcry" shortly after the occurrence. Had prosecutrix failed to do so and kept the facts concealed it would have been a suspicious circumstance against her and tend to impeach the credibility of her statement. The charge is not sent up as there appears to have been no exception taken to it. We have examined the record with the close scrutiny we give to capital felonies and the law must take its course as we fail to find any error committed.

No Error.